UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW COMBS, | Case No. 2:24-cv-00168-ART-EJY |
| Plaintiff, | ORDER |
| v. | |
| OLIVER, et al., | |
| Defendants. | |

Plaintiff Matthew Combs brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Southern Desert Correctional Center. (ECF No. 7). On August 27, 2024, this Court ordered Combs to file an amended complaint by September 26, 2024, and cautioned that he could not pursue habeas claims in this civil-rights action. (ECF No. 6). The Court also warned Combs this action could be dismissed if he failed to file an amended complaint by that deadline. (*Id.* at 11). That deadline expired and Combs did not file an amended complaint, move for an extension, or otherwise respond.

I.  **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to

1  manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy

2  favoring disposition of cases on their merits; and (5) the availability of less drastic

3  alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217,

4  1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

5      The first two factors, the public's interest in expeditiously resolving this

6  litigation and the Court's interest in managing its docket, weigh in favor of

7  dismissal of Combs's claims. The third factor, risk of prejudice to defendants,

8  also weighs in favor of dismissal because a presumption of injury arises from the

9  occurrence of unreasonable delay in filing a pleading ordered by the court or

10  prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.

11  1976). The fourth factor—the public policy favoring disposition of cases on their

12  merits—is greatly outweighed by the factors favoring dismissal.

13      The fifth factor requires the Court to consider whether less drastic

14  alternatives can be used to correct the party's failure that brought about the

15  Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983,

16  992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before*

17  the party has disobeyed a court order does not satisfy this factor); *accord*

18  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not

19  exhaust every sanction short of dismissal before finally dismissing a case, but

20  must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779

21  F.2d 1421, 1424 (9th Cir. 1986). Because this action cannot realistically proceed

22  until and unless Combs files an amended complaint, the only alternative is to

23  enter a second order setting another deadline. But the reality of repeating an

24  ignored order is that it often only delays the inevitable and squanders the Court's

25  finite resources. The circumstances here do not indicate that this case will be an

26  exception. Setting another deadline is not a meaningful alternative given these

27  circumstances. So the fifth factor favors dismissal.

28

## II.   CONCLUSION

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal. It is therefore ordered that this action is dismissed without prejudice based on Matthew Combs's failure to file an amended complaint in compliance with this Court's August 27, 2024, order. The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Combs wishes to pursue his claims, he must file a complaint in a new case.

It is further ordered that the application to proceed *in forma pauperis* (ECF No. 5) is denied as moot.

DATED THIS 17th day of October 2024.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE